# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| MAHIPAL RAVIPATI ) | CASE NO.: 17-82502-CRJ-11 |
| SSN: xxx-xx-3666 ) | |

**MOTION FOR AUTHORITY AND NOTICE OF INTENT
TO SELL MEDICAL PRACTICE FREE AND CLEAR OF LIENS AND
<u>DEADLINE FOR SUBMITTING OBJECTIONS AND HIGHER OFFERS</u>**

COMES NOW the Chapter 11 Bankruptcy Estate of Mahipal Ravipati, as Debtor-in-Possession ("Estate"), and gives notice pursuant to Bankruptcy Rules 2002 and 6004 of its intent to sell the below-described assets of the Estate free and clear of liens under 11 U.S.C. § 363(f) and, pursuant to Bankruptcy Rule 6004(c), moves this Honorable Court for an order authorizing it to sell said property. **<u>Any objection to such sale and/or higher offers shall be filed with the U.S. Bankruptcy Court. Any such objection should state specifically in writing why the sale should not be consummated. Any higher offer must be in writing and on the same terms and conditions [other than purchase price] provided herein.</u>**

## BACKGROUND

1. On August 24, 2017, Mahipal Ravipati commenced with this Court a voluntary case under Chapter 11 of Title 11, United States Code.

2. Dr. Ravipati had an active medical practice specializing in allergy and immunology based in Huntsville, Alabama.

3. Since Dr. Ravipati's demise, the Estate continues to operate pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

## REQUESTED RELIEF

4. A portion of the Chapter 11 Estate consists of the medical practice as a "going business" (the "Practice"), and it will be for the benefit of the Estate to sell said practice free and

clear of all liens and claims pursuant to 11 U.S.C. Section 363(f). The practice consists of all assets of the business, excluding deposit accounts, cash and receivables, but including trade fixtures, supplies, inventory, furniture, websites, trade names, trademarks, telephone numbers and all other tangible assets of the business.

5. According to the Debtor's schedules, and to the best of the Estate's knowledge, information and belief, no entity other than the Estate or the Debtor has an interest in the practice.

6. The Estate has negotiated a sale of the Practice to Dr. William Freeman ("Purchaser"), subject to higher and better bids, on terms set forth in the Contract for Sale (the "Agreement") attached hereto as Exhibit "A":

    a. Pursuant to the Agreement, the Purchaser has agreed to purchase from the Estate all of the Debtor's interest in the Practice, on an "as is" basis, for the price of Sixty Thousand Dollars ($60,000.00), subject to the terms and conditions set forth in the Agreement.

    b. Said purchase price shall be made payable in certified funds to "Estate of Mahipal Ravipati" and tendered at closing, to occur within fourteen (14) days after Court approval of this sale. On or about April 9, 2018, Purchaser tendered to the undersigned counsel a check for $60,000.00, which is currently held in trust in the law firm Sparkman, Shepard & Morris, P.C.'s IOLTA bank account, pending resolution of this sale.

    c. The personal representative of the Estate will execute and provide Purchaser with a Bill of Sale and any related documents for the practice. The Estate and the Purchaser will cooperate in signing any forms that may be needed.

    d. The Bill of Sale will convey the Bankruptcy Estate's interest in the subject practice.

    e. The Estate will pay from the purchase price a $6,000.00 commission (i.e., 10% of the purchase price) due Kendrick Steele with Sunbelt Business Brokers for his services in brokering the sale of the practice (the "Broker"). The Estate will make this payment as a "carve out" for the commission before it pays any liens or claims that may attach to the proceeds.

f. Purchaser will be responsible for all other costs associated with the sale of the Practice. Further, Purchaser will be responsible for obtaining, completing, submitting, and recording all necessary paperwork associated with transferring the practice, and will be responsible for payment of all costs associated with same.

g. The Closing Agent, if any, will serve as the Estate's Designated Agent for the purpose of closing this sale and distributing the proceeds in compliance with this Notice and any Order to be issued by the Court.

h. A sale free and clear of liens, claims, encumbrances and interests pursuant to Section 363(f) is necessary to maximize the value of the Practice.

**BIDDING PROCEDURES**

7. Should parties other than Purchaser desire to submit competing offers to purchase the Estate's interest in the Practice, those offers shall be subject to the following terms and conditions (hereinafter referred to as "Bidding Procedures"):

a. Pending approval of this Motion, should any competing bids be received by the Estate, an auction will be conducted at the law offices of SPARKMAN, SHEPARD & MORRIS, P.C., 303 Williams Avenue Suite 1411, Huntsville, Alabama, 35801 on June 8, 2018 at 11:00 A.M (the "Auction").

b. In order to participate in the Auction, a competing bidder must:

(1) Present to the Estate's attorney at least (3) business days prior to the Auction Date with appropriate evidence of its financial ability to consummate a contract should such party be the successful bidder at the Auction;

(2) Execute at least (3) business days prior to the Auction Date a contract substantially similar to the Sales Agreement attached as Ex. A in material respects; and

(3) At least three (3) business days prior to the Auction Date pay an earnest money deposit of $60,000.00 to the Estate or suitable escrow agent.

c. Any purchase offer must be submitted in an initial amount not less than Sixty-Five Thousand Dollars ($65,000.00).

d. The Estate will serve notice of competing bids on all parties requesting such notice, including all qualified bidders.

e. Any competing bid shall be on terms which are no more burdensome or conditional to the Estate or less burdensome or conditional to the bidder than are the terms of the Sales Agreement attached hereto as Ex. A.

f. The Estate may accept one or more back-up offers at the conclusion of the Auction.

g. Failure to comply with the Bidding Procedures will result in the disqualification of any competing bidder.

h. Should the Estate receive no other qualifying bids prior to the Auction date, the Estate will cancel the auction. Accordingly, then the Estate will proceed with the sale of the Practice to the Purchaser, as contemplated above, subject to approval of the Bankruptcy Court.

## ESTATE'S JUSTIFICATION FOR SALE AND ADDITIONAL CONSIDERATIONS

8. The sale of the Practice to Purchaser, under the terms set forth in the Agreement, is fair and reasonable under the circumstances, and the Estate's entry into the Agreement is well within its business judgment.

9. After exploring alternatives, the Estate has determined in its business judgment that the sale of its Practice is the best method for satisfying, in part, the claims of its lenders and generating the highest value for the Practice.

10. The Agreement was negotiated at arm's length. There has been no self-dealing, bad faith, fraud or unfair dealing relative to the negotiation of the Sales Agreement by the Estate.

11. The practice has been marketed by the Broker and the Ravipati family for sale for several months. The Broker has advised the Estate that the practice is unlikely to bring any greater price by continued private listing or public auction due to its limited life as a "going business" since Dr. Ravipati's death.

12. This proposed sale of the practice is the result of arm's length negotiations between the parties, and the Estate and the Purchaser have no business or personal connections other than this proposed sale.

13. The closing for this sale is to be conducted within fourteen (14) days after Court approval of this sale and is to be held at the offices of SPARKMAN, SHEPARD & MORRIS, P.C., 303 Williams Avenue Suite 1411, Huntsville, Alabama 35801, or at any other date and location mutually agreed upon by the parties.

14. As stated above, this sale is free and clear of liens, claims, encumbrances and interests pursuant to Section 363(f) is necessary to maximize the value of the Practice. A sale subject thereto would result in a lower purchaser price and be of substantially less benefit to the Debtor's estate and creditors. A sale free and clear of liens, claims, encumbrances and interests is particularly appropriate under the circumstances because any lien, claim, encumbrance or interest in, to or against the assets that exist immediately prior to the closing of the sale of the Practice will attach to the sale proceeds with the same validity, priority, force and effect as they had prior to the closing of the sale of the Practice, subject to the rights and defenses of the Estate or any party in interest and as contained herein.

15. Any such pre-existing liens shall attach to the proceeds of the sale of the Practice, subject to any rights and defenses of the Estate and other parties in interest with respect to such liens.

16. Any holder of a lien that fails to object to the sale of the practice free and clear of liens should be deemed to consent to the sale, thereby complying with §363(f)(2) of the Bankruptcy Code.

WHEREFORE, the Estate respectfully requests that the Court enter an Order:

A. Authorizing the Estate to sell the subject practice pursuant to 11 U.S.C. § 363(b), in accordance with the terms and conditions stated herein;

B. Authorizing the Estate to execute and deliver any and all documents which may be necessary or appropriate to effectuate the sale proposed herein; and

C. Granting such other and further relief as the Court deems just and appropriate.

Respectfully submitted this 9th day of May, 2018.

      */s/ Tazewell T. Shepard*
      Tazewell T. Shepard
      *Attorney to Estate of Mahipal Ravipati*

      **SPARKMAN, SHEPARD & MORRIS, P.C.**
      P. O. Box 19045
      Huntsville, AL 35804
      Tel: (256) 512-9924
      Fax: (256) 512-9837

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion for Authority and Notice of Intent to Sell Medical Practice has been served upon Dr. William Freeman, 1239 McArthur Street, Manchester, TN 37355; Kendrick Steele, Sunbelt Business Advisors of North Alabama, 3322 South Memorial Parkway, Huntsville, AL 35801; and those parties listed on the Clerk's Certified Matrix, including Richard M. Blythe, Esq., Office of the Bankruptcy Administrator, P.O. Box 3045, Decatur, AL 35602 by electronic service through the Court's CM/ECF system or by placing a copy of the same in the United States Mail, postage prepaid, on 9th day of May, 2018.

      */s/ Tazewell T. Shepard*
      Tazewell T. Shepard